**Chet Michael WILSON, Plaintiff–
Appellant,**

v.

**Joan COPPERWHEAT, Director of
Lane County Parole and Probation;
et al., Defendants–Appellees.**

No. 13–35154.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2015.

Filed April 15, 2015.

Dustin Buehler, University of Arkansas
School of Law, Fayetteville, AR, Gregory
C. Sisk, University of St. Thomas School of
Law, Minneapolis, MN, for Plaintiff–Appellant.

Chet Michael Wilson, pro se.

Before: FERNANDEZ, RAWLINSON,
and CALLAHAN, Circuit Judges.

MEMORANDUM [*]

Appellant Chet Michael Wilson filed a
§ 1983 claim in the District Court for the
District of Oregon alleging that his confinement in the Oregon state prisons was
extended in violation of his constitutional
rights. The district court summarily dismissed the action as untimely under Oregon's two-year statute of limitations, finding that Wilson knew of his claims more
than two years before he filed his complaint.

[*] This disposition is not appropriate for publica-

Although Wilson may have known of his
potential claim more than two years before
he filed his action, pursuant to *Heck v.
Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct.
2364, 129 L.Ed.2d 383 (1994) and *Rosales–
Martinez v. Palmer,* 753 F.3d 890, 896 (9th
Cir.2014), Wilson's claims may not have
accrued until he was released from confinement. Accepting the district court's
determination that Oregon's two-year statute of limitations is applicable, Wilson's
complaint alleging claims under 42 U.S.C.
§ 1983 was filed within two years of his
release from confinement.

Appellant's motion to withdraw is granted.

The district court's dismissal of Wilson's
§ 1983 claims is **VACATED** and the case
is **REMANDED** to the district court.

**Ronald Bruce ELLIS, Plaintiff–
Appellant,**

v.

**CITY OF PORTLAND; et al.,
Defendants–Appellees.**

No. 13–35587.

United States Court of Appeals,
Ninth Circuit.

tion and *is not precedent except as provided*

3

Submitted April 7, 2015.*

Filed April 15, 2015.

Ronald Bruce Ellis, Portland, OR, pro se.

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

## MEMORANDUM **

Ronald Bruce Ellis appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of his arrest and subsequent conviction and imprisonment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003) (dismissal under *Rooker–Feldman* doctrine); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We reverse and remand.

We are unable to determine from the complaint that Ellis filed whether some of his claims might be cognizable under § 1983. Ellis should be given the opportunity on remand to clarify his constitutional claims and explain what facts support them. If clarified, the district court may still determine that *Rooker–Feldman* is properly invoked as to some of Ellis' allegations.

The district court erred in dismissing Ellis' entire action for lack of subject matter jurisdiction under the *Rooker–Feld-*

by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*man* doctrine because Ellis' action complained of illegal acts and omissions by defendants, at least some of which do not allege an error by the state court and therefore do not constitute a de facto appeal. *See Noel,* 341 F.3d at 1163–65 (explaining that *Rooker–Feldman* does not bar jurisdiction over an action in which a federal plaintiff complains of a legal injury caused by an adverse party); *see also Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140 (9th Cir.2004) ("*Rooker–Feldman* ... applies only when the federal plaintiff both asserts as ... [his] injury legal error or errors by the state court and seeks as ... [his] remedy relief from the state court judgment.").

**REVERSED and REMANDED.**

Christy HUGHES, Plaintiff–Appellant,

v.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.